UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLA RODRIGUEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>ASSOCIATED TECHNICAL COLLEGE,<br><br>                    Defendant. | Case No.: 19-CV-2164-JLS (BLM)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) DISMISSING COMPLAINT**<br><br>(ECF Nos. 2, 3) |

Presently before the Court is Plaintiff Marcella Rodriguez's Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). Also before the Court is Plaintiff's Motion to Appoint Counsel (ECF No. 3). The Court addresses each motion and the sufficiency of the Complaint below.

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of

fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiff has filed an affidavit indicating that, as of November 2019, she received $550.00 from public assistance monthly and was unemployed. ECF No. 2 at 1–2. Plaintiff had negative $5.70 in her bank accounts. *Id*. at 2. And Plaintiff indicates that her monthly expenses total $415.00. *Id.* at 4–5. Given these facts, the Court concludes that Plaintiff is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## II.     Motion to Appoint Counsel

Plaintiff also requests that the Court appoint her counsel in this matter. *See* ECF No. 3. There is no constitutional right to counsel in a civil case. *See Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A district court may at its discretion appoint counsel if "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate her claims considering their legal complexity. *Id.*

Here, nothing in the record at this stage of the litigation demands that the Court exercise its limited discretion to request that an attorney represent Plaintiff pro bono. For the reasons discussed below, Plaintiff has yet to show she is likely to succeed on the merits of her claims. *See infra* Section III. Further, nothing to this point indicates Plaintiff is incapable of articulating the facts and circumstances relevant to her claims, which are typical and not legally "complex." *See Agyeman*, 390 F.3d at 1103. Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

Notwithstanding IFP status, the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

The Court finds Plaintiff has failed to state a plausible claim for relief. According to Plaintiff's civil cover sheet, she brings one cause of action under the Americans with Disabilities Act. To bring a claim under the ADA, an individual must show: "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of h[er] disability." *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1994) (emphasis omitted).

To establish a qualified disability under the ADA, a plaintiff must show "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 28 C.F.R. § 35.104. Here,

Plaintiff fails to establish she has a qualified disability.  Plaintiff fails to allege any specific mental or physical impairment that would allow her to bring a claim under the ADA.  Therefore, Plaintiff's claim for violation of the ADA fails to state a claim.

In addition to failing to allege a qualifying disability, Plaintiff fails to allege what, if any, reasonable accommodation she was denied because of her disability.  "[B]ecause [Plaintiff] bears the burden of establishing an ADA violation, she must establish the existence of specific reasonable accommodations that [Defendant] failed to provide." *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).  By failing to state any specific reasonable accommodation, Plaintiff has failed to meet her burden.  Moreover, "because [Plaintiff]'s suit is for monetary damages, she must show *intentional* discrimination." *Id.* (emphasis in original).  The facts, as alleged, fall short of plausibly stating a claim of intentional discrimination.

For these reasons, the Court finds Plaintiff fails to state a claim on which the Court may grant relief.  Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2) and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).  The Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint sua sponte for failure to state a claim upon which relief can be granted.  Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the date on which this Order is electronically docketed.  *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated:  April 23, 2020

Hon. Janis L. Sammartino
United States District Judge